IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MORLOCK, L.L.C., A TEXAS          §
LIMITED LIABILITY COMPANY,        §
                                  §
              Plaintiff,          §
                                  §
v.                                §          CIVIL ACTION NO. H-12-1448
                                  §
JP MORGAN CHASE BANK, N.A.,       §
                                  §
              Defendant.          §

## MEMORANDUM OPINION AND ORDER

Plaintiff, Morlock, L.L.C. ("Morlock"), brings this action against defendant, JPMorgan Chase Bank, N.A. ("JPMC"), to quiet title to real property located in Harris County, Texas.  Pending before the court are Defendant's Motion to Dismiss for Failure to State a Claim (Docket Entry No. 4) and Plaintiff's Motion for Leave to File Amended Complaint (Docket Entry No. 5).  For the reasons stated below, Morlock's motion for leave to amend will be granted, JPMC's motion to dismiss will be granted, and this action will be dismissed with prejudice.

## I.   Factual and Procedural Background

This action was filed in the District Court of Harris County, Texas, 615th Judicial District, on April 30, 2012, in an effort to avoid foreclosure of "a certain tract of land located in Harris County, Texas (the 'Property'), known as 8330 Kerrington

Glen, Cypress, Texas 77433."[1]  Plaintiff's Original Petition
alleged that Morlock owns the Property, that on October 10, 2007,
Michael J. Cantu and Jennifer L. Cantu executed and delivered a
Deed of Trust to secure Mortgage Electronic Registration Systems,
Inc. ("MERS"), which purported to create a lien on the Property,
that the Deed of Trust was filed in the Real Property Records of
Harris County, Texas, and that the Deed of Trust was allegedly
assigned to defendant JPMC who posted the Property for a Substitute
Trustee's Sale scheduled for April 3, 2012.  Plaintiff's Original
Petition sought "a judgment which strikes and cancels the Deed of
Trust as a cloud on Morlock's title to the Property."[2]  On April
30, 2012, the State District Court issued a Temporary Restraining
Order that enjoined the Substitute Trustee's Sale of the Property.[3]

On May 9, 2012, JPMC removed this action to federal court
asserting that "[t]his Court has original jurisdiction over this
case pursuant to 28 U.S.C. § 1332, in that this is a civil action
where the matter in controversy exceeds $75,000, and is between
citizens of different States."[4]  On May 16, 2012, JPMC filed
Defendant's Motion to Dismiss for Failure to State a Claim and

---

[1]Plaintiff's Original Petition, and Application for Temporary
Restraining Order, Exhibit A-2 to Defendant's Notice of Removal,
Docket Entry No. 1, p. 1 ¶ 4.

[2]Id. at 2 ¶ 10.

[3]Temporary Restraining Order, Exhibit A-4 to Defendant's
Notice of Removal, Docket Entry No. 1.

[4]Defendant's Notice of Removal, Docket Entry No. 1, p. 2.

Brief in Support of Same (Docket Entry No. 4).  On June 5, 2012, Morlock filed Plaintiff's Response to Defendant JP Morgan Chase Bank N.A.'s Rule 12(b)(6) Motion to Dismiss and Motion for Leave to File Amended Complaint (Docket Entry No. 5), to which Morlock attached Plaintiff's First Amended Complaint.  On June 12, 2012, JPMC filed Defendant's Reply in Support of Motion to Dismiss and Response in Opposition to Plaintiff's Motion for Leave to Amend (Docket Entry No. 6).

## II.  **Plaintiff's Motion to Amend**

In response to JPMC's motion to dismiss, Morlock has filed a brief in opposition, a motion for leave to amend, and a proposed amended complaint (Docket Entry No. 5).  JPMC argues that Morlock's motion for leave to amend should be denied as futile because the amended complaint attached to Morlock's motion "does not cure any of the legal or factual deficiencies identified in Defendant's Motion to Dismiss."[5]  A party may amend its pleading once as a matter of course within twenty-one days of serving it or twenty-one days after service of a motion under Rule 12(b), whichever is earlier.  Fed. R. Civ. P. 15(a).  In all other cases a party may only amend its pleadings with the written consent of the opposing party or with the court's leave.  Fed. R. Civ. P. 15(a)(2).  Courts should "freely give leave [to amend] when justice so requires."

---

[5]Defendant's Reply in Support of Motion to Dismiss and Response in Opposition to Plaintiff's Motion for Leave to Amend ("Defendant's Reply"), Docket Entry No. 6, p. 1.

Fed. R. Civ. P. 15(a)(2).  Because Morlock attached its First Amended Complaint to its Motion for Leave to File Amended Complaint, and because Morlock has not previously amended it's complaint, the court concludes that Morlock's motion for leave to amend should be granted since Morlock's amended complaint was filed within 21 days after service of a motion under Rule 12(b).  The court will therefore analyze Defendant's Motion to Dismiss with respect to Plaintiff's First Amended Complaint.

### III.  <u>Defendant's Motion to Dismiss</u>

JPMC seeks dismissal of Morlock's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted because plaintiff has failed to allege facts capable of establishing superior title to the Property.[6]

### A.  Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim for which relief may be granted tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001), <u>cert. denied sub nom</u> <u>Cloud v. United States</u>, 122 S.Ct. 2665 (2002).  The court must accept the factual

---

[6]Defendant's Reply, Docket Entry No. 6, p. 2.

allegations of the complaint as true, view them in a light most
favorable to the plaintiff, and draw all reasonable inferences in
the plaintiff's favor.  Id.

> When a federal court reviews the sufficiency of a
> complaint, before the reception of any evidence either by
> affidavit or admissions, its task is necessarily a
> limited one.  The issue is not whether a plaintiff will
> ultimately prevail but whether the claimant is entitled
> to offer evidence to support the claims.

Swierkiewicz v. Sorema N.A., 122 S.Ct. 992, 997 (2002).  To avoid
dismissal a plaintiff must allege "enough facts to state a claim to
relief that is plausible on its face."  Bell Atlantic Corp. v.
Twombly, 127 S.Ct. 1955, 1974 (2007).  Plausibility requires "more
than an unadorned, the-defendant-unlawfully-harmed-me accusation."
Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  A claim has facial
plausibility when the plaintiff pleads factual content that allows
the court to draw the reasonable inference that the defendant is
liable for the misconduct alleged.  Id.  The plausibility standard
is not akin to a "probability requirement," but asks for more than
a sheer possibility a defendant acted unlawfully.  Id.
"[D]ismissal is proper if the complaint lacks an allegation
regarding a required element necessary to obtain relief."  Torch
Liquidating Trust ex rel. Bridge Associates L.L.C. v. Stockstill,
561 F.3d 377, 384 (5th Cir. 2009).

When considering a motion to dismiss courts generally are
limited to the complaint and its proper attachments.  Dorsey v.
Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008).

However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Id. (quoting Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S.Ct. 2499, 2509 (2007)). Documents "attache[d] to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000); accord Benchmark Electronics, Inc. v. J.M. Huber Corp., 343 F.3d 719, 725 (5th Cir. 2003). In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)). When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss. Isquith ex rel. Isquith v. Middle South Utilities, Inc., 847 F.2d 186, 194 n.3 (5th Cir. 1988). However, "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56[, and a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Here, JPMC has attached to its motion copies of documents it contends are the Texas Deed of Trust and the Assignment that it

-6-

received from MERS.[7]   Because these documents are referenced in
Plaintiff's First Amended Complaint and central to Morlock's
claims, the court concludes that they can be considered without
converting the motion to dismiss to a motion for summary judgment.

## B.   Analysis

Asserting that "Morlock is the owner of the Property in issue
and has filed this action to quiet title,"[8] Morlock argues that its
First Amended Complaint is sufficient to state a claim and survive
JPMC's motion to dismiss.

A suit to quiet title, also known as a suit to remove cloud
from title, is an equitable action to clarify ownership by removing
invalid claims.  Ford v. Exxon Mobil Chemical Co., 235 S.W.3d 615,
618 (Tex. 2007) (per curiam).  "A cloud on title exists when an
outstanding claim or encumbrance is shown, which on its face, if
valid, would affect or impair the title of the owner of the
property."  Hahn v. Love, 321 S.W.3d 517, 531 (Tex. App. — Houston
[1st Dist.] 2009, pet. denied).  "Any deed, contract, judgment or
other instrument not void on its face that purports to convey any
interest in or make any charge upon the land of a true owner, the
invalidity of which would require proof, is a cloud upon the legal

---

[7]Exhibits A and B, respectively, to Defendant's Reply, Docket
Entry No. 6.

[8]Plaintiff's Response to Defendant JP Morgan Chase Bank N.A.'s
Rule 12(b)(6) Motion to Dismiss and Motion for Leave to File
Amended Complaint ("Plaintiff's Response"), Docket Entry No. 5,
p. 3 ¶ 14.

title of the owner." <u>Wright v. Matthews</u>, 26 S.W.3d 575, 578 (Tex. App. — Beaumont 2000, pet. denied). A plaintiff in a suit to quiet title "must prove and recover on the strength of his own title, not the weakness of his adversary's title." <u>Fricks v. Hancock</u>, 45 S.W.3d 322, 327 (Tex. App. — Corpus Christi 2001, no pet.). A suit to quiet title under Texas law requires a plaintiff to prove: (1) a valid equitable interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) although facially valid, defendant's claim is invalid or unenforceable. <u>Bryant v. Bank of America, N.A.</u>, No. 4:11-CV-448, 2012 WL 2681361, *16 (E.D. Tex. June 6, 2012) (citing <u>Sadler v. Duvall</u>, 815 S.W.2d 285, 293 n.2 (Tex. App. — Texarkana 1991, pet. denied)). "The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title." <u>Gordon v. West Houston Trees, Ltd.</u>, 352 S.W.3d 32, 42 (Tex. App. — Houston [1st Dist.] 2011, no pet.).

### 1.   <u>Morlock Fails to State a Claim to Quiet Title</u>

Morlock argues that it has satisfied the pleading requirements for a suit to quiet title under Texas law because its First Amended Complaint contains "1) an allegation that it is the owner of [the P]roperty; and 2) an allegation or identification of an adverse interest."[9] Morlock argues that

---

[9]<u>Id.</u> at 4 ¶ 22.

[a] case which is strikingly similar to this case is the case of *Mortgage Electronic Registration Systems, Inc. v. Groves*, 14-10-00090-CV[, 2011 WL 1364070] (Tex. App. — Houston [14th Dist.] April 12, 2011, no writ) [not designated for publication]. In this case the plaintiff filed a lawsuit to cancel a deed of trust lien allegedly held by MERS.  The Houston Court of Appeals did not dismiss the case but upheld a judgment to cancel the lien.[10]

Morlock also cites <u>Goswami v. Metropolitan Savings & Loan Association</u>, 751 S.W.2d 487, 489 (Tex. 1988), for its holding that "when the '[T]hird party has a property interest, whether legal or equitable, that will be affected by such a sale, the third party has standing to challenge such a sale to the extent that its rights will be affected by the sale."[11]

In <u>Groves</u> the plaintiff alleged:

*Plaintiff's Interest in Property*.  The plaintiff is the owner of a certain tract of land located in Harris County, Texas, as shown in the Assessment Lien Deed recorded under document number V230924 in the official Public records of Tarrant County, Texas, and more particularly described as Lot Thirteen (13), in Block Two (2), of Summerwood, Section 4, Seven Oaks Village, an addition in Harris County, Texas, according to the map or plat thereof recorded in Film Code No. 388 of the Map Records of Harris[] County, Texas.

2011 WL 1364070, *2.  Citing <u>Fricks</u>, 45 S.W.3d at 327, MERS argued that a judgment in Groves' favor was in error because Groves "did not base her claim solely on the strength of her own title." <u>Id.</u> The court disagreed explaining that

---

[10]<u>Id.</u> at 5 ¶ 23.

[11]<u>Id.</u> at ¶ 26.

> Groves alleged in her pleading that she owns the property
> by virtue of her recorded deed.   This satisfies the
> requirement that she "allege right, title, or ownership
> in herself with sufficient certainty to enable the court
> to see she has a right of ownership that will warrant
> judicial interference" in the issue of the deed of
> trust's validity.   <u>Wright</u>, 26 S.W.3d 575.   Therefore,
> Groves's pleadings do not establish error on the face of
> the record.

<u>Id.</u> at *4.

Plaintiff's First Amended Complaint fails to plead a viable claim to quiet title because it contains no factual allegations regarding the strength of Morlock's title to the Property. Instead, Plaintiff's First Amended Complaint focuses entirely on the weaknesses of JPMC's title:

> 3.   Plaintiff is the owner of a certain tract of land
>      located in Harris County, Texas (the "Property")
>      which is known as:
>
>           Lot twenty (2), Block three (3) of Gates
>           at Canyon Lakes West, Sec. 1, a
>           subdivision in Harris County, Texas,
>           according to the map or plat thereof
>           filed for record under Film Code
>           No. 607201 of the Map Records of
>           Harris County, Texas.
>
> 4.   Morlock is the owner of the Property.
>
> 5.   Defendant Chase Bank claims to be the owner and
>      holder of a note which it also claims to be secured
>      by a Deed of Trust lien on the Property.
>
>                             . . .
>
> 7.   On October 7, 2007, [Michael] J. Cantu and
>      Jennifer L. Cantu executed and delivered a
>      promissory note (the "Note") payable to the order
>      of Mortgage Electronic Registration Systems, Inc.
>      ("MERS").

8.    To secure the Note, the Cantu's also executed a
      Deed of Trust (the "Deed of Trust") on the
      Property, which was recorded in the Real Property
      Records of Harris County, Texas.

9.    The Deed of Trust was filed of record under Clerk's
      File Number 20070631364 in the Real Property
      Records of Harris County, Texas.   This Deed of
      Trust was allegedly assigned to Defendant Chase
      Bank by MERS.

10.   On information and belief, the documents which
      purport to transfer the Note and lien to Defendant
      were signed by a person(s) who were not authorized
      to sign the documents.   The Note and lien did not
      properly transfer the Note and lien to Defendant
      Chase Bank so that Defendant Chase Bank is not the
      owner and holder of the Note.   Because Chase Bank
      is not the owner and holder of the Note it cannot
      enforce the Deed of Trust lien.[12]

Unlike the plaintiff in Groves, who alleged in her pleading that

she owned the property at issue by virtue of her recorded deed,

Morlock merely alleges that it owns a certain tract of land and

recites the description of the land filed in the Map Records of

Harris County, Texas.   Morlock does not allege any facts showing

that Morlock has an equitable claim to the Property, or that

Morlock has a claim of  "right, title, or ownership [in itself]

with sufficient certainty to enable the court to see [that Morlock]

has a right of ownership that will warrant judicial interference."

Wright, 26 S.W.3d at 578.   Instead, Morlock attempts to allege

superior title by (1) challenging MERS' assignment of the note and

deed of trust to Chase; (2) questioning Chase's acquisition of

_____

[12]Plaintiff's First Amended Complaint, attached to Plaintiff's
Response, Docket Entry No. 5-1, pp. 1-2 ¶¶ 3-5 and 7-10.

MERS' interest; and (3) alleging that Chase is not the present
owner of the note and, therefore, has no right to sell the property
at foreclosure.  For the reasons explained below, these allegations
are insufficient to state a claim for which relief may be granted.

2.  Morlock Lacks Standing to Challenge Assignment

JPMC also argues that Morlock lacks standing to challenge
MERS' assignment of the deed of trust to JPMC because Morlock was
not a party to that assignment.  Courts in this circuit have
repeatedly held that plaintiffs have no standing to challenge such
assignments unless they become a party, agent or assignee of a
party, or a third-party beneficiary of the agreement.  See
Bittinger v. Wells Fargo Bank NA, 744 F.Supp.2d 619, 625-26 (S.D.
Tex. 2010).  See also James v. Wells Fargo Bank, N.A., No. 3:11-CV-
2228-B, 2012 WL 778510, at *2 (N.D. Tex. Mar. 12, 2012) (citing
Eskridge v. Fed. Home Loan Mortgage Corp., No. W-10-CA-285, 2011
WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011) ("Plaintiff has no
standing to contest the various assignments as she was not a party
to the assignments.").

Morlock acknowledges that "[u]nder Texas law, a party must
have standing to challenge a foreclosure sale[, and that i]n most
circumstances a foreclosure sale can only be challenged by either
the mortgagor or a party who is in privity with the mortgagor,"[13]
but citing Goswami, 751 S.W.2d at 487, Morlock argues that it "is

---

[13]Plaintiff's Response, Docket Entry No. 5, p. 5 ¶ 25.

stating that Defendant Chase Bank is not the owner and holder of the Note and therefore, has no right to foreclose the lien,"[14] and that "[a]s owner of the Property, Morlock has the right to determine the validity of liens against its own property."[15]  In Goswami, 751 S.W.2d at 487, the court recognized the right of a third-party to pursue claims for wrongful foreclosure and quantum meruit arising from payments allegedly made on the mortgage and repairs allegedly made to the property at issue.  Morlock's First Amended Complaint does not contain any factual allegations capable of establishing an equitable interest in the Property.

Moreover, even if under Goswami Morlock has standing to challenge MERS' assignment to JPMC and/or JPMC's authority to foreclose the Property, its challenges have no merit because Morlock's allegations that the deed of trust was not properly assigned to JPMC are contradicted by the deed of trust and the assignment, both of which have been incorporated by reference into Plaintiff's First Amended Complaint. The Texas Deed of Trust identifies the grantor as Michael J. Cantu and Jennifer L. Cantu, the Trustee as Clifton A. Crabtree, the lender as Priority Home Mortgage, L.P., and provides:

> The beneficiary under this Security Instrument is
> Mortgage Electronic Registration Systems, Inc. ("MERS").
> MERS is a separate corporation that is acting solely as
> a nominee for Lender and Lender's successors and assigns.

---

[14]Id. at ¶ 28.

[15]Id. at ¶ 29.

> MERS is organized and existing under the laws of
> Delaware, and has an address and telephone number of P.O.
> Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
> Borrower owes Lender the principal sum of . . . (U.S.
> 175,658.00). This debt is evidenced by Borrowers' note
> dated the same date as this Security Instrument ("Note"),
> which provides for monthly payments, with the full debt,
> if not paid earlier, due and payable on November 1, 2037.
> This Security Instrument secures to Lender: (a) the
> repayment of the debt evidenced by the Note, with
> interest . . . (b) the payment of all other sums, with
> interest, advanced under Paragraph 7 to protect the
> security of this Security Instrument; and (c) the
> performance of Borrower's covenants and agreements under
> this Security Instrument and the Note. For this purpose,
> Borrower irrevocably warrants grants and conveys to
> Trustee, in trust, with power of sale, the following
> described property located in Harris County, Texas: . . .
> 8330 Kerrington Glen Drive, Cypress, Texas 77433.[16]

Because the deed of trust executed by Michael J. Cantu and Jennifer L. Cantu named MERS as beneficiary and nominee for the original lender, Priority Home Mortgage, L.P., and its successors and assigns, and granted MERS the right to sell and foreclose on the Property, MERS had the authority to assign the deed of trust. See Lamb v. Wells Fargo Bank, N.A., No. 3:12-CV-00680-L, 2012 WL 1888152, at *5 (N.D. Tex. May 24, 2012); Dempsey v. United States Bank National, No. 4:10-CV-679, 2012 WL 2036434, at *5 (E.D. Tex. June 6, 2012) (citing Eskridge, 2011 WL 2163989, at *5). Upon MERS' assignment of the deed of trust to JPMC, JPMC and its successors acquired the same rights that MERS had to sell and

---

[16]See Texas Deed of Trust, Exhibit A to Defendant's Reply, Docket Entry No. 6. See also Collins, 224 F.3d at 499 (recognizing that documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim").

foreclose the property.  See Lamb, 2012 WL 1888152, at *5 (citing Wiggington v. Bank of New York Mellon, No. 3:10-CV-2128-G, 2011 WL 2669071, at *3 (N.D. Tex. July 7, 2011)).  Accordingly, plaintiff's allegations regarding MERS' assignment of the deed of trust do not give rise to a reasonable inference that plaintiff has superior title to the Property.

    3.    JPMC Need Not Own or Possess the Note to Foreclose

    Morlock's allegation that JPMC is not the owner or holder of the Note is irrelevant with respect to JPMC's right to enforce the Deed of Trust through non-judicial foreclosure under Texas law. Non-judicial foreclosure sales of real property under contract liens are governed by Chapter 51 of the Texas Property Code. Pursuant to § 51.0025 a "mortgagee" or a "mortgage servicer" may conduct foreclosure proceedings.  Tex. Prop. Code. Ann. § 51.0025. The "mortgagee" is defined as

> (A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record.

Tex. Prop. Code Ann. § 51.0001(4).  No provision in Chapter 51 of the Texas Property Code requires a foreclosing party to prove its status as "holder" or "owner" of the original Note prior to foreclosure.  A good explanation of MERS and Texas law can be found in Richardson v. CitiMortgage, Inc., No. 6:10-cv-119, 2010

-15-

WL 4818556, *5 (E.D. Tex. Nov. 22, 2010), where United States

Magistrate Judge Judith K. Guthrie explained as follows:

> Under Texas law, where a deed of trust, as here,
> expressly provides for MERS to have the power of sale,
> then MERS has the power of sale. Athey v. MERS, 314
> S.W.3d 161, 166 (Tex.App.-Eastland 2010). MERS was the
> nominee for Southside Bank and its successors and
> **assigns**. MERS had the authority to transfer the rights
> and interests in the Deed of Trust to CitiMortgage. The
> Plaintiffs' complaints about the role of MERS in this
> matter lack merit.

> It is further noted that the role of MERS has been the
> subject of federal multidistrict litigation in In re:
> Mortgage Electronic Registration Systems (MERS)
> Litigation, 659 F.Supp.2d 1368 (United States Judicial
> Panel Multi-district Litigation 2009). The MERS system
> is merely an electronic mortgage registration system and
> clearinghouse that tracks beneficial ownerships in, and
> servicing rights to, mortgage loans. Id. at 1370. The
> system is designed to track transfers and avoid recording
> and other transfer fees that are otherwise associated
> with the sale. Id. at 1370 n. 6. MERS is defined in
> Texas Property Code § 51.0001(1) as a "book entry
> system," which means a "national book [entry] system for
> registering a beneficial interest in security instrument
> and its successors and **assigns**." As noted in Athey,
> mortgage documents provide for the use of MERS and the
> provisions are enforceable to the extent provided by the
> terms of the documents.

In this case, JPMC is entitled to enforce the Deed of Trust because

MERS, as a book entry system, qualifies as a mortgagee under

§ 51.0001(4) of the Texas Property Code, and because the Deed of

Trust granted MERS the power to enforce the Deed of Trust. MERS

assigned the Deed of Trust and all the interest secured thereby to

JPMC. Accordingly, plaintiff's allegations regarding defendant's

status as owner or holder of the note lack merit and do not give

rise to a reasonable inference that plaintiff has superior title to the property.

    4.   <u>Morlock Fails to State a Claim for Declaratory Judgment</u>

       JPMC argues that Morlock's request for declaratory judgment should be dismissed because a request for declaratory judgment is a remedy and not a cause of action.[17] "When a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act." <u>Bell v. Bank of America Home Loan Servicing LP</u>, No. 4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012). The federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The federal Declaratory Judgment Act does not create a substantive cause of action but, instead, is merely a procedural vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law. <u>See</u> <u>Aetna Life Ins. Co. of Hartford v. Haworth</u>, 57 S.Ct. 461, 463 (1937); <u>Lowe v. Ingalls Shipbuilding</u>, 723 F.2d 1173, 1178 (5th Cir. 1984)). In a

---

[17]Defendant's Reply, Docket Entry No. 6, pp. 5-6.

declaratory judgment action, "[b]ased on the facts alleged, there must be a substantial and continuing controversy between two adverse parties." Bauer v. Texas, 341 F.3d 352, 358 (5th Cir. 2003). For the reasons explained above, the court has concluded that Morlock has alleged no facts that would lead to the conclusion that a present controversy exists between Morlock and JPMC. Therefore, any request that Morlock is making for declaratory judgment must fail.

### IV.  Conclusions and Order

For the reasons stated above, Plaintiff's Motion for Leave to File Amended Complaint (Docket Entry No. 5) is **GRANTED**, Defendant's Motion to Dismiss for Failure to State a Claim (Docket Entry No. 4) is **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this the 2nd day of August, 2012.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-18-